# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.                                                   No. 3:10-cr-00148 (JAM)

KYLE PITTS

### RULING GRANTING DEFENDANT'S MOTION FOR
### REDUCTION OF SENTENCE IN ACCORDANCE WITH U.S.S.G. AMENDMENT #782

On July 22, 2012, this Court (*Ellen Bree Burns, J.*) sentenced defendant Kyle Pitts

principally to a term of 100 months imprisonment and a term of four years supervised release,

following his conviction of conspiracy to distribute 28 grams of cocaine base, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) and 846. On the basis of Amendment 782 to the U.S.

Sentencing Guidelines, defendant now moves to be re-sentenced pursuant to 18 U.S.C. §

3582(c)(2). For the reasons that follow, I will grant defendant's motion and reduce defendant's

sentence to a term of 80 months imprisonment.

### BACKGROUND

Amendment 782 to the United States Sentencing Guidelines provides for a reduction of

two offense levels for the sentencing range calculation for a defendant who has been subject to

sentencing under §§ 2D1.1 and 2D1.11 of the Guidelines. Amendment 782 reflects the

Commission's determination "that setting the base offense levels above mandatory minimum

penalties is no longer necessary" and that a reduction—including a retroactive reduction for

defendants who are already serving their sentences—would be "an appropriate step toward

alleviating" both "the significant overcapacity and costs" of federal prisons. *See* U.S. Sentencing

Guidelines Manual, Amendment 782, Policy Stmt. (2014).

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission. The Court must follow a two-step approach to determine whether a sentence should be reduced and the extent of any such reduction. First, the Court must consider if defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable if the amended Guidelines had been in place at the time of defendant's sentencing. Second, the Court must consider the range of general sentencing factors under 18 U.S.C. § 3553(a) to decide whether, in its discretion, a reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Here, I conclude that the first step is satisfied. There is agreement by defendant, the Government, and the U.S. Probation Office that defendant is eligible for a reduction of, effectively, up to thirty months of his sentence pursuant to Amendment 782. The sentencing guidelines for his offense changed from 84 to 105 months to 70 to 87 months. Defendant has requested an approximately proportional reduction to 80 months. It is within this Court's discretion to reduce the sentence to a length of time accordant with the new guideline range.

As to the second step, I also conclude in the exercise of my discretion and upon full consideration of the factors set forth under 18 U.S.C. § 3553(a) that a reduction is appropriate. Although defendant's time served has not been free of misconduct, the Government has agreed that defendant is eligible for a sentence reduction. Since being incarcerated defendant has committed and been punished for some nonviolent infractions. These infractions will not preclude defendant from a reduction. In addition to defendant's motion, the Court has also received a letter from defendant stating that since his incarceration he has received his high school diploma and completed a drug treatment program. The Court congratulates defendant on

2

these accomplishments. It is the hope of this Court that the remainder of defendant's sentence will be spent working toward obtaining further educational and vocational skills that will be valuable upon his release.

### CONCLUSION

For the foregoing reasons, defendant's motion for reduction of sentence is GRANTED. His term of imprisonment is reduced to 80 months. *See* U.S.S.G. § 1B1.10(e). All other aspects of the original sentence shall remain in effect.

It is so ordered.

Dated at New Haven this 22nd day of February 2016.

/s/ *Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge